Justin RUDELSON et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Nos. CV 73–566–HP, 73–642–HP
and 76–1008–HP.

United States District Court,
C. D. California.

June 10, 1977.

Ian Herzog, The Law Offices of Ned Good, Los Angeles, Cal., for plaintiffs-Rudelson.

Stephen Acker, Pasadena, Cal., for plaintiffs-Aardema.

Joyce Lanza, Law Offices of Arthur Wasserman, Los Angeles, Cal., for plaintiff-National Indem. Co.

Marshall S. Filler, Deputy Atty. Gen., Dept. of Justice, Washington, D. C., Donald A. Fareed, Sp. Asst. to U. S. Atty., William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Los Angeles, Cal., for defendant.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

PREGERSON, District Judge.

On March 22, 1977, the court made its Findings of Fact and Conclusions of Law in

these consolidated cases on the issue of liability. The court then ordered that the damage issues be tried. The court tried those issues on May 17, 18, 19, 20, and 25, 1977.

At trial, the Rudelson family was represented by Ian Herzog of the Ned Good law firm. The United States was represented by James Stotter, II, Assistant U. S. Attorney.

The court, having heard the evidence and argument of counsel, now makes its Findings of Fact and Conclusions of Law on the damage issues in the Rudelson case No. 73–566–HP as follows:

## FINDINGS OF FACT

1. The decedent, Jerrold Rudelson, born May 7, 1929, left as his heirs:
   A. Jolyn F. Rudelson, his wife, born December 3, 1932; the Rudelsons were married on March 26, 1955;
   B. Jordan Rudelson, his son, born September 29, 1958;
   C. Justin Rudelson, his son, born August 19, 1961.

2. Decedent was a highly competent, well-respected attorney specializing in eminent domain law. His future earnings would have increased at an average rate of at least six percent (6%) per annum over the balance of his work life expectancy. Decedent's work life expectancy means full-time work until age 65 and half-time work from age 65 to 70.

3. A fair and reasonable interest factor—the present value discount rate—to determine the present value of future lost income is five percent (5%).

4. The effective rate of taxation to be applied to decedent's future income is twenty-five percent (25%).

5. After deducting for self-consumption, had Jerrold Rudelson lived, the percentages of his income available for support of his family would have been:
   A. to October 1980, 75%;
   B. to September 1983, 70%;
   C. after September 1983, 60%.

6. The life expectancies of each heir were longer than that of the decedent whose life expectancy was 30.5 years as of the date of his death, September 9, 1971.

7. The past financial support from date of death to date of trial that the heirs would have received from decedent but for his death, after reduction for taxes and self consumption, is $182,500.00.

8. The future financial support that said heirs would have received from decedent but for his death, after reduction to present value and after reduction for taxes and self consumption, is $700,300.00.

9. Decedent was a loving and devoted father and husband. The pecuniary value of the society, comfort, care, protection and right to receive support is $475,800.00. Reasonable expenses incurred for funeral services are $1,986.25.

10. The court therefore awards $1,360,-586.25 as reasonable and just compensation for the pecuniary losses that the heirs have suffered by reason of the death of Jerrold Rudelson.

11. Deducted from this award are: (1) the sum of $136,058.62 representing the 10% comparative negligence factor attributed to decedent, and (2) $200,000.00 received by plaintiffs from other parties in settlement of State Court wrongful death proceedings. These two deductions total $336,058.62 and result in a net award of $1,024,527.63.

12. Among the widow and the two children, the following apportionment of the net award is fair and reasonable:
    A. to Jolyn F. Rudelson, two-thirds;
    B. to Justin Rudelson, one-sixth;
    C. to Jordan Rudelson, one-sixth.

The following Conclusions of Law, insofar as they may be considered Findings of Fact, are so found by this court to be true in all respects.

From the foregoing facts the court concludes:

## CONCLUSIONS OF LAW

1. Under California law, in a wrongful death action, the heirs of the decedent are entitled to recover just and reasonable compensation for the pecuniary loss

that each heir suffered because of the death of the decedent. In determining this pecuniary loss, the financial support that the heirs would have received from the decedent except for his death and the pecuniary value of the society, comfort, care, protection and right to receive support that said heirs lost by reason of decedent's death are to be considered in determining the amount of just and reasonable compensation.

2. The court holds that the California rules on indemnification and contribution, see California Code of Civil Procedure, §§ 875, 876, remain unaffected by the decision in *Li v. Yellow Cab,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975).

3. Judgment in favor of plaintiffs, Jolyn F. Rudelson, Justin Rudelson, and Jordan Rudelson and against defendant United States of America shall be entered in the amount of $1,024,527.63.

4. Pursuant to 28 U.S.C. § 2411(b), the award shall bear interest at the rate of 4% from date of judgment.

5. Costs are awarded to plaintiffs.

6. Attorneys fees in the amount of 20% are approved.

7. Since he is a minor, Justin Rudelson's share of the award shall be deposited in an interest-bearing blocked savings account approved by this court.